ALEXANDER BELL

*v.*

JOSEPH GORDON.

NEW TRIAL—*finding from the evidence.* Where questions of fact upon which the testimony is conflicting are submitted to a jury, under proper instructions from the court, their verdict must stand, unless it becomes necessary to interfere to prevent palpable injustice.

APPEAL from the Superior Court of Cook County; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. WILLETT & HERRING, for the appellant.

Mr. SAMUEL KERR, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

No questions of law have been raised on this record. The controversy has reference to the value of the services of plaintiff in erecting for defendant a frame packing-house. Under the agreement between the parties, defendant was to furnish all the materials to be used in the building, and plaintiff was to do the carpenter work. A part of it was to be done under a special contract, at a certain price for every thousand feet of lumber used in the building, and for the other work necessary to complete it according to the plans plaintiff was to be paid so much as the work was reasonably worth.

The case was submitted under instructions expressing the law applicable to the facts, to which no exceptions were taken, and the jury found a verdict for plaintiff, on which the court rendered judgment. On looking into the evidence it is found to be conflicting on every point of disagreement between the parties, and we can not undertake to reconcile it. That was the province of the jury. Under our law, either party has the right to have his cause tried by a jury, and where questions of fact upon which the testimony is conflicting are submitted under proper instructions from the

court, some consideration must be shown to the finding, otherwise the right of trial by jury, secured by law, would be a mere barren right. Accordingly, it is understood in such cases the verdict must stand, unless it becomes necessary to interfere to prevent palpable injustice. Nothing is perceived in the evidence in this record to warrant a departure from the general rule, and the judgment must be affirmed.

*Judgment affirmed.*